IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Timothy Lamont Jackson,              )     C. A. No. 2:08-4114-RBH-RSC
#214371,                             )
                                     )
            Petitioner,              )
                                     )
       -versus-                      )     **REPORT AND RECOMMENDATION**
                                     )
Warden, McCormick Correctional)
Institution,                         )
                                     )
            Respondent.              )

This habeas corpus petition under 28 U.S.C. § 2254 brought by a state prisoner proceeding <u>pro</u> <u>se</u> and <u>in</u> <u>forma</u> <u>pauperis</u> is before the undersigned United States Magistrate Judge for a report and recommendation on the respondent's motion for summary judgment filed on February 8, 2010.  28 U.S.C. § 636(b).

## PROCEDURAL HISTORY

The petitioner, Timothy Lamont Jackson, is currently incarcerated at the McCormick Correctional Institution of the South Carolina Department of Corrections.  Petitioner was indicted at the April 1997 term of the Greenville County Grand Jury for Burglary in the 1st Degree (97-GS-23-2966) and Criminal Sexual Conduct in the 1st Degree (97-GS-23-2964).  Petitioner was represented on the charge by Robin Stillwell, Esquire.

On May 19-20, 1998, Petitioner proceeded to trial before the Honorable John Kittredge, Circuit Court Judge, and a jury, at the

1

conclusion of which he was found guilty as charged.  Judge

Kittredge sentenced Petitioner to life for burglary in the 1st

Degree and thirty (30) years concurrent for Criminal Sexual

Conduct.  Judge Kittredge also sentenced Petitioner to six (6)

months consecutive for contempt of court after an outburst before

the jury.

Petitioner appealed his convictions and sentences to the

South Carolina Court of Appeals.  Petitioner was represented in

the appeal by Melody J. Brown, Assistant Appellate Defender.

Petitioner raised only one issue on direct appeal:

> Whether the trial judge erred in denying
> appellant's motion for mistrial when the victim
> made a non-responsive remark on cross-examination
> that improperly brought appellant's character into
> evidence, and the prejudice to appellant was not
> eased by a curative instruction that merely
> reiterated and highlighted the improper evidence?

On March 1, 2000, the South Carolina Court of Appeals, in an

unpublished opinion, denied and dismissed Petitioner's appeal.

State v. Timothy L. Jackson, Unpublished Opinion No. 2000-UP-142

(Ct. App. Filed March 1, 2000).  Petitioner subsequently filed a

Petition for Rehearing.  The State filed a Return to the Petition

for Rehearing.  On May 2, 2000, the South Carolina Court of

Appeals denied the Petition for Rehearing.  The Remittitur was

issued on July 12, 2000.

On November 16, 2000, the petitioner filed his first post-

conviction relief action (2000-CP-23-6804) in the Court of Common

Pleas for Greenville County.  In the application, Petitioner

alleged the following grounds:

> 1.  Counsel was ineffective for failing to object
> to the judge's charge on reasonable doubt;
>
> 2.  The trial court lacked subject matter
> jurisdiction to enter a conviction or impose a
> sentence because the CSC indictment did not allege
> anal intercourse;
>
> 3.  Trial counsel was ineffective for failing to
> object to the burglary indictment and subject
> matter jurisdiction of the court and move to quash
> the indictment because it did not allege
> "nighttime" but instead alleged "during the hours
> of darkness";
>
> 4.  Counsel was ineffective for failing to object,
> move for mistrial, or ask for a curative
> instruction due to the Solicitor allegedly
> interjecting her personal opinion during closing
> argument;
>
> 5.  Counsel was ineffective for failing to object
> to the in-court identification of Petitioner and
> counsel was ineffective for failing to request
> hearing on identification and failing to request a
> charge on identification;
>
> 6.  Counsel was ineffective for failing to object
> to the State's entering into evidence latent
> fingerprint cards (State's 9, 10, 11) that
> allegedly had prints on them allegedly belonging
> to Petitioner which he alleged violated the rule
> against hearsay.

Petitioner amended the post-conviction relief application and

alleged trial counsel was ineffective for not requesting a pre-

trial hearing on the admissibility of prior bad acts.

An evidentiary hearing into the matter was convened on

December 17, 2002, before the Honorable Larry R. Patterson,

3

Circuit Court Judge. Petitioner was represented by Rodney Richey, Esquire. At the hearing, Petitioner was present and testified.

On August 19, 2003, Judge Patterson entered an Order of Dismissal with prejudice, denying and dismissing Petitioner's claims.

Petitioner filed a <u>Johnson</u> Petition for Writ Certiorari from the denial of PCR to the South Carolina Supreme Court on April 5, 2004, represented by Joseph L. Savitz, III. Petitioner filed a <u>pro se</u> pleading and raised the following issue: "Trial counsel did not provide effective assistance when he failed to object to testimony from the purported victim suggesting that Jackson had raped her approximately three weeks before the incident charged." On April 20, 2004, Petitioner filed a <u>pro se</u> response to the <u>Johnson</u> Petition in which he alleged the trial court lacked subject matter jurisdiction because his arrest warrant for CSC has the picture of the individual who allegedly actually committed the offense whose picture was allegedly not Petitioner; the DNA test conducted by SLED proved that Petitioner did not have vaginal or anal sex with the victim; the grand jury foreperson was not a registered voter; and, his indictment was not filed with the Clerk of Court as required by the S.C. Rules of Criminal Procedure Rule 3 which violated his due process and equal protection rights. Petitioner also alleged he had given

4

this information to his collateral appellate counsel, and he failed to investigate or present these issues in the <u>Johnson</u> Petition.

On January 7, 2005, the South Carolina Supreme Court denied the petition and the Remittitur was issued on January 25, 2005.

Petitioner then filed a Petition for Writ of Habeas Corpus (2005-CP-1979) with the Greenville County Clerk of Court's Office on March 29, 2005. In the state habeas petition, Petitioner alleged the that the trial court lacked subject matter jurisdiction, to try, sentence and convict the petitioner because:

> (1) Petitioner's arrest warrant for CSC has the picture of someone other than Petitioner who Petitioner alleged committed the crime,
>
> (2) the DNA analysis proved Petitioner did not have vaginal or anal intercourse with the victim,
>
> (3) the foreperson of the grand jury was not a registered voter, and
>
> (4) the indictments do not reflect they were properly filed with the Clerk of Court.

Within the habeas petition, Petitioner alleged he notified collateral appellate counsel in December of 2003 of the lack of subject matter jurisdiction based on (1) and (2) above and collateral appellate counsel would not raise these issues, and he notified collateral appellate counsel of the lack of subject matter jurisdiction based on (3) above and collateral appellate counsel would not investigate or raise subject matter

5

jurisdiction on appeal. Within the habeas petition, Petitioner also alleged his due process and equal protection rights were violated by improper indictments.

On May 5, 2005, the Honorable Edward W. Miller, Circuit Court Judge, dismissed the state habeas petition on the basis that Petitioner had failed to pay the filing fee within thirty (30) days as required by S.C. Code Ann. § 24-27-100. Judge Miller's Order was filed May 11, 2005. Petitioner did not appeal the order.

Petitioner instead filed a Motion for Reinstatement and a Motion for an Order Compelling Discovery. On August 17, 2005, the Honorable John C. Few, Circuit Court Judge, issued an Order of Dismissal dismissing whatever motion Petitioner filed based on the fact this case was dismissed by Order of May 11, 2005. Judge Few's Order was filed August 17, 2005. According to the Clerk of Court for Greenville County, no Notice of Appeal was filed.

On March 27, 2006, Petitioner filed another Petition for Habeas Corpus (2006-CP-23-2027) with the Clerk of Court for Common Pleas in Greenville County and alleged the same grounds alleged in his first state habeas petition. Respondent filed a Return requesting that the petition be summarily dismissed.

On May 5,2006, the Honorable Edward W. Welmaker, Chief Administrative Judge, issued a Conditional Order of Dismissal expressing the Court's intent to dismiss the Petition for Habeas

Corpus unless Petitioner advised the Court with specific reasons, factual or legal, why it should not dismiss the matter in its entirety. The Court found Petitioner could not receive the relief requested on this petition and that the petition was procedurally barred in the circuit court. Petitioner was granted twenty (20) days from the date of service of this Order to show the Court why the Order should not become final. Petitioner filed a Return, which the Court treated as a response to the Conditional Order of Dismissal.

On July 3, 2006, the Court issued its Final Order of Dismissal in the action in which the Court noted that Petitioner's Return reiterated issues of trial error and ineffective assistance of trial counsel, and that a sufficient reason had not been shown why the Conditional Order of Dismissal should not become final. The Court specifically found that the South Carolina Court of Appeals had clearly held that an individual cannot obtain state habeas corpus relief in the circuit court, citing Keelerv. Mauney, 330 S.C. 568, 571, 500 S.E.2d 123,124 (Ct. App. 1998). The order was filed with the Clerk of Court for Greenville County on July 6, 2006. According to the Greenville County Clerk of Court, no Notice of Intent to Appeal was filed in this case.

Petitioner then filed another post-conviction relief action on September 13, 2006. (2006-CP-23-5880). In this application,

Petitioner alleged: "(1) DNA being negative (and photograph on arrest warrant not him/mistaken identity)/ineffective assistance of counsel, (2) voir dire/ineffective assistance of counsel, and (3) victim bolstered identification in court." Petitioner also filed an attachment alleging: "(4) counsel was ineffective for failing to object to the prosecutor interjecting her own opinion in closing argument, (5) counsel was ineffective for failing to suppress the in-court identification, (6) counsel was ineffective for failing to suppress latent fingerprints cards 9, 10, & 11, (7) counsel was ineffective for failure to make a running objection against the court entering hearsay evidence." The State filed a Return and Motion to Dismiss based on the state statute of limitations and the application being successive.

On October 25, 2006, the Honorable Edward Welmaker, Circuit Court Judge, issued a Conditional Order of Dismissal finding the second post-conviction relief application should be dismissed pursuant to the state statute of limitations for post-conviction relief actions and because the application was successive under state law. Petitioner did not respond to the State's Motion to Dismiss or to the Conditional Order of Dismissal. Therefore, on January 8, 2007, the Honorable Garrison Hill, Circuit Court Judge, issued a Final Order finding Petitioner had not shown sufficient reason why the Conditional Order of Dismissal should not become final and denied the second application for PCR. The

Final Order dismissing Petitioner's second post-conviction relief application was filed with the Clerk of Court for Greenville County on January 11, 2007.

Petitioner appealed the dismissal of his second post-conviction relief application to the South Carolina Supreme Court and on March 20, 2007, the South Carolina Supreme Court issued an Order denying and dismissing the appeal. Petitioner filed a Petition for Rehearing. On May 3, 2007, the Petition for Rehearing was denied by the South Carolina Supreme Court. The Remittitur was issued on May 3, 2007.

Yet undeterred, Petitioner filed a third application for post-conviction relief (2007-CP-23-3580) in the Court of Common Pleas for Greenville County on June 4, 2007, and alleged lack of subject matter jurisdiction, ineffective assistance of counsel, and a voir dire violation. The State filed a Return and Motion to Dismiss based on the state statute of limitations for PCR actions and that the action was impermissibly successive.

On July 26, 2007, the Honorable Garrison Hill, Circuit Court Judge, issued a Conditional Order of Dismissal dismissing Petitioner's third post-conviction relief application. In the Order, Judge Hill found the third application should be dismissed because it violated the state statute of limitations for post-conviction relief actions and because the application was successive under state law. Petitioner filed a Return to the

Conditional Order of Dismissal.  On April 7, 2008, the Honorable
John C. Few, Circuit Court Judge, issued a Final Order dismissing
Petitioner's third post-conviction relief application as
violative of the state statute of limitations for post-conviction
relief actions, was successive, and Petitioner's subject matter
jurisdiction claim was without merit because indictments are not
evidentiary or jurisdictional documents, citing State v. Gentry,
363 S.C. 93, 103, 610 S.E.2d 494, 500 (2005).  Judge Few also
found that the indictments in this case were true-billed and were
sufficient to put Petitioner on notice of the charge he was
facing.  The Final Order was filed in the Clerk's Office on April
11, 2008.

Petitioner filed a Rule 59 Motion to Alter or Amend the
Court's Order which was denied on September 11, 2008.

Petitioner appealed the dismissal of his third post-
conviction relief application and on May 21, 2008, and the appeal
was dismissed by Order of the South Carolina Supreme Court.  The
petitioner filed a Petition for Rehearing.  On July 10, 2008, the
South Carolina Supreme Court granted the petition for rehearing,
and reinstated the notice of appeal.  The Court then dismissed
the appeal without prejudice to Petitioner's right to serve and
file another notice of appeal after receiving notice of the
disposition of his Rule 59(e) motion.  A Remittitur was issued on
July 28, 2008.  Subsequently, the appeal was re-instituted and on

October 13, 2008, the South Carolina Supreme Court dismissed the appeal finding Petitioner had failed to show that there was an arguable basis for asserting the determination of the lower court was improper.

Petitioner filed a Petition for Rehearing which was denied on November 19, 2008. The Remittitur was issued on November 19, 2008, after which Petitioner filed a Notice of Appeal in the S.C. Supreme Court which indicated that he was appealing the lower court's ruling by way of the instant federal habeas petition. Since the Notice was filed after the Remittitur was issued, no action was taken on it by the South Carolina Supreme Court. This federal habeas petition followed on December 18, 2008[1].

The following exhibits have been made part of the record here.

Appendix, the Honorable Larry R. Patterson

Final Brief of Appellant (Direct Appeal)

Final Brief of Respondent (Direct Appeal)

State v. Timothy Lamont Jackson, Unpublished Op. No. 2000-UP-142 (Ct. App. filed March 1, 2000)

Petition for Rehearing, March 15, 2000

Return to Petition for Rehearing

Order of the S.C. Court of Appeals denying the Petition for Rehearing

---

[1] Pursuant to Houston v. Lack, 477 U.S. 266, 270-71 (1988), a prisoner's habeas pleading is filed at the moment of delivery to prison authorities for forwarding to the district court.

Remittitur

<u>Johnson</u> Petition (1st PCR)

<u>Pro</u> <u>se</u> response to <u>Johnson</u> Petition

Order of the S.C. Supreme Court denying the
<u>Johnson</u> Petition and dismissing the appeal

Remittitur

Petition for Writ of Habeas Corpus/State (2005-CP-23-1979)

Order dismissing state habeas petition (2005-CP-23-1979)

Motion for Reinstatement (2005-CP-23-1979)

Order denying whatever motion Petitioner had then
filed (2005-CP-23-1979)

Petition for Writ of Habeas Corpus ad Jubiciendum
(2006-CP-2027)

Conditional Order of Dismissal, the Honorable
Edward W. Welmaker (2006-CP-2027)

Affidavit of Service of Conditional Order of
Dismissal

Petitioner's Response to Conditional Order of
Dismissal

Form Order denying Objection to Conditional Order
treated as Motion to Reconsider

Final Order, the Honorable Edward W. Welmaker
dismissing (2006-CP-2027)

2nd Application for Post-Conviction Relief (2006-CP-23-5880)

Return and Motion to Dismiss (2006-CP-5880)

Conditional Order of Dismissal, the Honorable
Edward W. Welmaker (2006-CP-5880)

Final Order of Dismissal, the Honorable Garrison Hill (2006-CP-5880)

Rule 227(C) explanation to S.C. Appellate Court (2006-CP-5880)

Order of the South Carolina Supreme Court dismissing Petitioner's appeal (2006-CP-5880)

Petition for Rehearing, April 12, 2007

Order of the S.C. Supreme Court Denying the Petition for Rehearing Remittitur

3rd Application for Post-Conviction Relief (2007-CP-35 80)

Return and Motion to Dismiss (2007-CP-3 580)

Conditional Order of Dismissal, the Honorable Garrison Hill (2007-CP-3580)

Response to Conditional Order of Dismissal

Final Order dismissing (2007-CP-3580), the Honorable John C. Few

Rule 59(e) Motion of Petitioner (2007-CP-3580)

Order Denying Rule 59(e) Motion (2007-CP-3580)

Rule 227 (c) Explanation of Petitioner to S.C. Appellate Court

Order of S.C. Supreme Court Dismissing Appeal

Petition for Rehearing, May 28, 2008

Order of S.C. Supreme Court reinstating appeal, dismissing w/o prejudice/with right to re-file

Remittitur

Order of South Carolina Supreme Court dismissing appeal (2007-CP-3580)

Petition for Rehearing, October 20, 2008

Order of South Carolina Supreme Court denying
Petition for Rehearing

Remittitur

photograph (Petitioner)

Warrant with photograph

## FEDERAL HABEAS GROUNDS FOR RELIEF ASSERTED

In his Petition for Writ of Habeas Corpus pursuant to 28

U.S.C. § 2254, Petitioner makes the following claims:

> "**Ground One:** Lack Subject matter jurisdiction, to
> try, sentence and convict.
>
> Supporting Facts: (After PCR) first PCR was
> decided and denied August, 12, 03. Petitioner
> found newly discovered evidence on December 1,
> 2003 and tried to get it in on certiorari. That
> was denied January 7, 2005. Petitioner file three
> PCRs trying to get his newly discovered evidence
> in. Then filed a Rule 59(e) Motion with his third
> PCR. 2007-CP-23-0390.
>
> **Ground Two:** (1) DNA being negative, and arrest
> warrant the picture photo is not the accused, (2)
> Voir dire, (3) Victim Bolster Identification in
> Court, (4) Ineffective assistance of trial
> counsel. 2006-CP-23-5880 that was denied and
> dismissed by Honorable D. Garrison Hill. The
> appellant file a timely Notice of Appeal an the
> Honorable Garrison Hill gave the Petitioner 20
> days to show why the denial should become final.
> Honorable Garrison D. Hill signed the final order
> of dismissal.
>
> **Ground Three:** 2007-CP-23-3580(a) subject matter
> jurisdiction, (b) ineffective assistance of
> counsel, (c) voir dire violation, (d)
> misidentification, (A)(B)(C)(D) All above.
>
> Supporting Facts: Appellant file for rehearing
> 227(c) explanation required. Trial judge
> Honorable John W. Kittredge 10/13/08 denied
> Petitioner and I filed for Re-hearing with the

14

Supreme Court on October 20th, 2008 and its still pending as of now. Denied and dismissed November 19th 08.

**Ground Four:** Lack of Subject Matter Jurisdiction to try, sentence, and convict the Petitioner & Rule 59(e) that was filed together.

Supporting Facts: (1) The nature of the comment made fatally infected the trial so that mistrial was the only viable possibility for cure, counsel moved for mistrial based on this unique circumstance. (2) mis-identification was the major issue at trial. The victim's unsolicited non-responsive hearsay remarks only worked to impermissibly impugn appellant's character as a known rapist of old people and little kids. (3) The other evidence on identification was not overwhelming to render the error harmless.

The petitioner was provided a copy of the motion and on February 9, 2010, the petitioner was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On March 24, 2010, the petitioner was granted an extension of time to file a response to respondent's motion. The petitioner filed a response to the motion on April 1, 2010. Hence it appears consideration of the motion is appropriate.

## DISCUSSION

A review of the record and relevant case law indicates that the petition should be dismissed as untimely.

The provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. Lindh v. Murphy, 117 S.Ct. 2059 (1997). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period begins to run "the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled during the pendency of a properly filed collateral attack on the subject conviction. 28 U.S.C. §2254(d)(2).

An application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). The form of the document, the court and office in which it must be filed, and the requisite filing fee are examples of such rules governing filings. Id. A court does not look to the merits of the underlying claims to determine whether an application was "properly filed." Id. at 9. However, a petitioner is not entitled to statutory tolling under § 2244(d)(2) if a state court rejects his PCR petition as untimely. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

16

Here, Petitioner's conviction was final when the Remittitur was issued by the Court of Appeals from Petitioner's direct appeal on July 12, 2000. Petitioner did not appeal to the South Carolina Supreme Court therefore he would not be entitled to the ninety (90) days to Petition the United States Supreme Court for certiorari. Petitioner filed his first PCR action (2000-CP-23-6804) on November 16, 2000. The AEDPA one-year statute of limitations began to run on July 13, 2000, the day after the Remittitur was issued from the Court of Appeals after the direct appeal, and continued to run until November 15, 2000, the day before Petitioner filed his first PCR action. Therefore, approximately four (4) months and two (2) days expired between July 13, 2000 and November 15, 2000.

The PCR action did toll the AEDPA statute of limitations during its pendency. The Remittitur from the South Carolina Supreme Court following its denial of a writ of certiorari from from the denial of his 1st PCR action was issued on January 15, 2005. At that time the clock began to run again and Petitioner had approximately seven (7) months and twenty-eight (28) days left to timely file a federal habeas petition.

Petitioner filed his first state habeas corpus action next, on March 29, 2005. An additional two (2) months and approximately twelve (12) days expired on the AEDPA one-year time clock from January 16, 2005, until March 28, 2005. As of March

29, 2005, Petitioner had five (5) months and approximately sixteen (16) days remaining to timely file his federal habeas petition. However, the AEDPA statute of limitations was not tolled by the first state habeas action because that action was not properly filed; it was dismissed by Order of Judge Miller filed May 11, 2005, for failing to pay the filing fee. Therefore, the AEDPA statute of limitations expired five (5) months and approximately (16) days from March 29, 2005, that is on or about September 13, 2005, and the instant action came over three (3) years later on December 28, 2008.

Petitioner has argued that equitable tolling of the limitations period applies to his otherwise untimely claims because he was unaware of the one year limit. He asserts that he wrote to the prison library "on or about 2005, 2006... requesting information on habeas filing" from the prison library and the library sent him books "on old federal law." Thereafter, he asked for information on the AEDPA after the respondent raised the issue in the instant suit.

Although the United States Supreme Court has not yet squarely held that equitable tolling is available under § 2244(d)[2], it is well established in the Fourth Circuit that this

---

[2] See Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007) (assuming without deciding that equitable tolling is available under § 2244(d)); Pace v. DiGuglielmo, 544 U.S. 408 at 418 n. 8 (2005) ("We have never squarely addressed the question whether equitable tolling is

18

one-year period may be subject to equitable tolling under very limited circumstances. See, Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc); Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). It is also settled in this circuit that a petitioner seeking to invoke equitable tolling must establish that: (1) extraordinary circumstances, (2) beyond his control and external to his own conduct, (3) prevented him from filing on time. Rouse, 339 F.3d at 247; Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001). Importantly, the Fourth Circuit has cautioned that equitable tolling of the limitations period is rarely warranted and is to be reserved "for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330. Equally important is the settled principle that a petitioner's own lack of diligence in pursuing his federal remedy may preclude the application of equitable tolling. Spencer, 239 F.3d at 630.

Here, Petitioner's own affidavit admits that he did not seek information from the library until "on or about 2005 2006," while his statute expired in 2005. He gives no further reason for not seeking information from the plethora of lawyers who represented

applicable to [§ 2244(d)(2)'s] statute of limitations.").

19

him in his multitude of direct and collateral challenges to his convictions or by any other means including writing to the federal courts which provide forms on request from pro se prisoners to file petitions for habeas corpus, which forms include information on the AEDPA's statute of limitations.

Petitioner, a sophisticated litigator, has not carried his high burden to show that he has been pursuing his rights diligently, and that some extraordinary circumstance external to his own conduct stood in his way and prevented timely filing. In short, he is not entitled to equitable tolling.

The respondent pled and argued as a basis for summary judgment the violation of the AEDPA one-year statute of limitations, § 2244(d)(1)(A), and, on the record before the court, it appears that the respondent is correct.

## CONCLUSION

Accordingly, for the aforementioned reasons it is recommended that the petition be dismissed as untimely and this matter ended.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
May 10, 2010

20

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within **fourteen (14) days** of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).