IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Timothy Lamont Jackson, ) | Civil Action No.: 2:08-cv-04114-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden, McCormick Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, a state prisoner proceeding *pro se*, brought this suit seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at Perry Correctional Institution, in Pelzer, South Carolina.

Respondent filed a motion for summary judgment on February 8, 2010, along with a return and memorandum. *See* Motion for Summ. J. & Memo. [Docket Entries 27, 28]. Because Petitioner is proceeding *pro se*, this court issued an order pursuant to *Roseboro v. Garrison*, 582 F.2d 309 (4th Cir. 1975), on February 9, 2010, advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to adequately respond. Petitioner subsequently filed a timely response to the motion. *See* Resp. [Docket Entry 34].

This matter is now before the court with the [Docket Entry 36] Report and Recommendation of United States Magistrate Judge Robert S. Carr[1] filed on May 10, 2010. In his Report, the Magistrate Judge recommended that the court should dismiss Petitioner's habeas

---

[1] This matter was referred to Magistrate Judge Carr pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C.

corpus petition as untimely.  Petitioner timely filed objections to the Report on May 25, 2010.[2]
*See* Obj. [Docket Entry 38].

## **Background and Procedural History**

The Magistrate Judge thoroughly set forth the procedural history in this matter in his Report that this Order adopts and incorporates by reference.  Moreover, Petitioner stated that he "agrees with the facts of the procedural history of the magistrate judge." Obj. at 1.  Accordingly, the court will not restate the procedural history in this Order.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*  However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

---

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to district court).

**Applicable Law**

28 U.S.C. § 2244(d) specifically provides the following:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

**Discussion**

In his Report, the Magistrate Judge concluded that Petitioner's habeas petition was untimely and therefore should be dismissed as barred by AEDPA's statute of limitations. Specifically, the Magistrate Judge found that "the AEDPA statute of limitations expired . . . on or about September 13, 2005, and the instant action came over three (3) years later on December 28, 2008." Report at 18. Moreover, the Magistrate Judge found that Petitioner "ha[d] not carried his high burden to show that he ha[d] been pursuing his rights diligently, and that some extraordinary circumstances external to his own conduct stood in his way and prevented timely filing," and therefore Petitioner was not entitled to equitable tolling. Report at 20.

Petitioner timely filed objections to the Magistrate Judge's Report. However, Petitioner did not object to any of the Magistrate Judge's above findings. As a matter of fact, nowhere in his objections does Petitioner contend that his § 2254 petition is timely, or that he is entitled to equitable tolling. Rather, Petitioner appears to argue only that the AEDPA's one-year statute of limitations should not apply to his § 2254 petition because he has "presented a claim involving

the jurisdiction of the trial court to convict and sentence him, in which over comes any bar." Obj. at 1. Because Petitioner failed to object to the Magistrate Judge's findings regarding the untimeliness of the § 2254 petition and equitable tolling, the court adopts those recommendations after reviewing the face of the record for clear error and finding none. *See Diamond*, 416 F.3d at 315. The court, however, will now specifically address Petitioner's argument regarding the applicability of the AEDPA's one-year statute of limitations to his § 2254 petition.

Petitioner argues in his objections that because he is raising an issue regarding subject matter jurisdiction, the statute of limitations does not apply. However, Petitioner's argument is without merit. First, "a state court's determination of its subject matter jurisdiction is not cognizable on federal habeas review." *Dowdy v. Warden, Broad River Corr. Inst.*, No. 8:07-cv-1706-PMD, 2008 WL 2462823, at *4 (D.S.C. June 13, 2008).

> Since a state defines the subject matter jurisdiction of its courts, a challenge on the basis of lack of subject matter jurisdiction is a quintessential question of state law. Thus, the frequently quoted [maxim] that a criminal defendant can raise the issue of lack of subject matter jurisdiction at any time should actually be phrased "at any time he is in state court." In other words, it is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists. This court does not review determinations of state law made by South Carolina courts.

*Johnson v. McCall*, No. 4:08-cv-3840-CMC-TER, 2010 WL 960335, at *1 n.1 (D.S.C. March 12, 2010) (citing *Pulley v. Harris*, 465 U.S. 37 (1984), and *Wright v. Angelone*, 151 F.3d 151 (4th Cir. 1998)). Second, and more importantly, Petitioner has not established that the one-year statute of limitations does not apply in his case. In similar cases, courts have held that "[t]here is no exception under the AEDPA for subject matter jurisdiction claims ," and, in the case at bar,

4

Petitioner has not shown that any such exceptions exist.³ *Griffin v. Padula*, 518 F. Supp. 2d 671, 677 (D.S.C. 2007) (quoting *Moore v. Ozmint*, No. 8:06-0990-GRA-BHH, 2006 WL 2873620, at *1 (D.S.C. Oct. 4, 2006)); *see also Dowdy*, 2008 WL 2462823, at *5 (quoting *Moore*, 2006 WL 2873620, at *1); *Dewitt v. Warden, Lieber Corr. Inst.*, No. 9:06-1221-PMD-GCK, 2006 WL 3404753, at *4 (D.S.C. Nov. 21, 2006). Therefore, because the instant petition was filed outside the one-year limitation period, and Petitioner is not entitled to equitable tolling, the Magistrate Judge properly determined that Petitioner's habeas petition is time-barred.

## Conclusion

The court has thoroughly reviewed the Report, objections, and applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Petitioner's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. Accordingly, Petitioner's habeas petition is **DISMISSED** as untimely and this matter is hereby ended.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

³ Petitioner also raises arguments regarding alleged insufficiencies in his state indictment. While these claims are time-barred under the AEDPA for the reasons stated above, the court notes that, even assuming, *arguendo*, that these claims are not time-barred, "[v]ariances and other deficiencies in state court indictments are not ordinarily a basis of federal habeas corpus relief . . . ." *Ashford v. Edwards*, 780 F.2d 405, 407 (4th Cir. 1985). Moreover, "[a] defective or insufficient indictment does not raise an issue of subject matter jurisdiction which could be raised at any time." *Johnson v. McCall*, No. 4:08-cv-3840-CMC-TER, 2010 WL 960335 at *1 n.1 (D.S.C. March 12, 2010) (citing *State v. Gentry*, 610 S.E.2d 494 (S.C. 2005)). Rather, "[t]he indictment is a notice document. A challenge to the indictment on the ground of insufficiency must be made before the jury is sworn . . . ." *Gentry*, 610 S.E.2d at 500. Accordingly, these claims are not only time-barred, but without merit.

5

**IT IS SO ORDERED.**

                                                  s/R. Bryan Harwell
                                                  R. Bryan Harwell
                                                  United States District Judge

Florence, South Carolina
June 2, 2010